FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 31, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TRACY A. LEWIS,<br><br>                Movant,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>                Respondent. | NO:  2:19-MC-42-RMP<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING MOTION FOR RETURN OF PROPERTY WITHOUT PREJUDICE |

Magistrate Judge John T. Rodgers filed a Report and Recommendation on January 8, 2020, recommending that Movant's Motion for Return of Property be dismissed without prejudice for failure to properly serve Respondent.  ECF No. 11. Objections to the Report and Recommendation were due on or before Wednesday, January 22, 2020.  Movant filed a letter that was construed as an objection before the deadline, stating that he has complied with the requirements of Federal Rule of Civil Procedure 4.  Alternatively, Movant explains that he needs clearer instructions on how to serve Respondent in this matter.

If a party files a timely objection to a magistrate judge's recommendation, the district court must make a *de novo* determination regarding each portion of the recommendation to which the party objected. *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000); 28 U.S.C. § 636(b)(1)(C). The district court judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id*.

The Court considers whether Movant properly served Respondent in this matter. On October 16, 2019, Judge Rodgers granted Movant's application to proceed *in forma pauperis* ("IFP"), pursuant to 28 U.S.C. § 1915. ECF No. 7. A party proceeding IFP may request that the United States Marshal, or another official appointed by the court, serve all process on his or her behalf. Fed. R. Civ. P. 4(c); *see also* 28 U.S.C. § 1915(d). However, the court has no duty to direct court officials to serve process in IFP cases, unless the IFP party makes such a request. *Boudette v. Barnette*, 923 F.2d 754, 757 (9th Cir. 1991) (explaining that "[a]n IFP plaintiff must request that the marshal serve his complaint before the marshal will be responsible for such service").

Here, Movant did not request specifically that service be made on his behalf by a court-appointed official, such as the U.S. Marshal. While Movant stated that he needed help and a more thorough explanation of his responsibilities, which the Court

could construe as a request for service to be made on his behalf, this request was not made until after the deadline for service had expired. *See* ECF No. 10; Fed. R. Civ. P. 4(m). Therefore, Movant was not entitled to have process served by a court-appointed official in this matter.

Movant did not serve Respondent within the 90-day deadline as set forth in Rule 4(m). *See* ECF No. 15 at 3. Additionally, it appears from the Certificate of Service that Movant did not mail a summons. *See id*. Therefore, Movant did not follow the procedures for serving the United States, as explained in Rule 4(i). Movant's objection does not demonstrate good cause for failure to comply with these requirements. *See* ECF No. 15.

Accordingly, **IT IS HEREBY ORDERED**:

1.  The Report & Recommendation at **ECF No. 11**, is **adopted in its entirety**.

2.  Movant's Motion for Return of Property, **ECF No. 1**, is **DENIED**.

3.  This case is **DISMISSED without prejudice** for lack of service.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order, provide a copy to Movant, and **close this case**.

**DATED** January 31, 2020.


_____*s/ Rosanna Malouf Peterson*_____
ROSANNA MALOUF PETERSON
United States District Judge